# 99 DTA 216

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I, SAN JUAN

EL PUEBLO DE PUERTO RICO
Apelado

v.

ROSA VARGAS HERNANDEZ
Apelante

Núm. KLAN-99-00051

San Juan, Puerto Rico, a 2 de agosto de 1999

Arts. 206 y 258 C.P.

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

## TEXTO COMPLETO DE LA SENTENCIA

La señora Rosa Vargas Hernández apela de una sentencia del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, en la que cual se le impusieron sendas multas de $200.00 por violación a los Artículos 258 y 260 del Código Penal de Puerto Rico, Resistencia u Obstrucción a la Autoridad Pública y Alteración a la Paz. La apelante plantea que el tribunal sentenciador erró al determinar que la prueba desfilada por el Ministerio Público fue suficiente para declararla culpable de incurrir en la referida conducta delictiva, más allá de duda razonable. Para dilucidar este planteamiento, pasamos a hacer una breve relación de la exposición narrativa de la prueba testifical presentada durante el juicio según estipulada por las partes.

## I

De acuerdo con la exposición narrativa, la prueba del Ministerio Público consistió en el testimonio del Sargento Osvaldo González Torres y la Agente Janet Otero Caballero. En su testimonio, el Sargento González Torres declaró que la señora Vargas Hernández se le acercó y, mientras él y el Agente Díaz comían, le expresó que comiera para que pudiese evacuar; que luego la señora Vargas Hernández se dirigió hacia la vellonera del local y mientras le daba la espalda expresó la frase *"so cabrón"*. Declaró que luego la señora Vargas Hernández le invitó a escuchar una canción, expresándole que seleccionaría una canción titulada *"conmigo no puedes"*. Por otra parte, la Agente Otero Caballero testificó que cuando la señora Vargas Hernández llegó al establecimiento la saludó cortésmente. Declaró, además, que cuando ocurrieron los hechos imputados, ella estaba fuera del establecimiento; que luego el Sargento González Torres salió y le pidió que arrestara a la señora Vargas Hernández; que al efectuar el arresto, la señora Vargas Hernández se resistió.

Por otra parte, la defensa presentó dos testigos. El primer testigo lo fue la señora Monique Nadal quien testificó que la señora Vargas Hernández fue muy cortés con los agentes. Declaró, además, que la señora Vargas Hernández invitó al Sargento González Torres y al agente que lo acompañaba a escuchar una canción de la vellonera del establecimiento; que el sargento rechazó la invitación y que luego arrestaron a la señora Vargas Hernández. El señor Carlos Heredia, quien atendía el establecimiento al momento de los hechos, declaró que lo único que él presenció fue cuando los policías arrestaron a la señora Vargas Hernández.

## II

El Artículo 260 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4521, establece en lo pertinente:

*"Será sancionada con pena de reclusión que no excederá de seis meses o multa que no excederá de quinientos dólares o ambas penas a discreción del tribunal toda persona que voluntariamente realizare cualesquiera de los siguientes actos:*

*(a) Perturbare la paz y tranquilidad de algún individuo o vecindario, con fuerte o inusitados gritos, conducta tumultuosa u ofensiva o amenazas, vituperios, riñas, desafíos o provocaciones."*

En *Pueblo v. Caro González*, 110 D.P.R. 518 (1980), el Tribunal Supremo de Puerto Rico interpretó el Artículo 260 del Código Penal de Puerto Rico en armonía con los criterios establecidos por el Tribunal Supremo de los Estados Unidos en *Chaplinski v. New Hampshire*, 315 U.S. 568 (1942), para determinar cuándo una expresión puede ser prohibida y castigada por el Estado por no estar protegida por el derecho a la libertad de palabra garantizado por la Constitución de los Estados Unidos y la Constitución del Estado Libre Asociado de Puerto Rico. Entre tales expresiones no protegidas y prohibidas por el Artículo 260 del Código Penal, están las expresiones de riña interpretadas por la jurisprudencia aplicable como aquellas que pueden causar que una persona promedio o de sensibilidad ordinaria reaccione violentamente en respuesta a quien se las ha proferido. *Caro González*, a la pág. 525.

Asimismo, el Artículo 260 debe interpretarse en armonía con lo establecido por el Tribunal Supremo de los Estados Unidos en *Cohen v. California*, 403 U.S. 15 (1971), donde se resuelve que para que las palabras proferidas por una persona puedan ser consideradas como expresiones de riña, éstas deben dirigirse directamente a otra persona en particular. El Tribunal señaló que no basta con que las palabras sean expresadas de tal manera que puedan ser oídas por otras personas, sino que es necesario que tales palabras se dirijan directamente a otra persona.

Luego de examinar la exposición narrativa, este Tribunal entiende que de ésta no surge que el Ministerio Público haya presentado evidencia suficiente que permita concluir más allá de duda razonable que la señora Vargas Hernández tuviese la intención de provocar una riña al hacer las expresiones que se le imputan, en las circunstancias en que las hizo. El Ministerio Público tiene la obligación de probar la culpabilidad del acusado mediante evidencia que establezca todos los elementos del delito más allá de duda razonable. Para que la prueba presentada por el Ministerio Público sea suficiente, tiene que producir certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. La insatisfacción de la conciencia del juzgador con la prueba provoca lo que se conoce como duda razonable y fundada. *Pueblo v. Carrasquillo*, 102 D.P.R. 545, (1974). Cuando un análisis de la prueba ante el Tribunal de Primera Instancia le produce a un tribunal apelativo algún grado de preocupación sobre si el acusado incurrió en todos los elementos del delito imputado, éste debe revocar la determinación del tribunal apelado. *Pueblo v. Somarriba García*, 131 D.P.R. 462 (1992).

En este caso, también procede revocar la convicción por el delito de resistencia u obstrucción a la autoridad pública. El Artículo 258 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4493, establece:

*"Toda persona que voluntariamente resistiere u obstruyere, demorare o estorbare a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir algunas de las obligaciones de su cargo será sancionada con pena de reclusión que no excederá de seis meses o multa que no excederá de quinientos dólares o ambas penas a discreción del tribunal."*

El Tribunal Supremo de Puerto Rico ha interpretado que para que este delito se configure, el funcionario o empleado público cuyas funciones se obstruyen tiene que haber estado ejerciéndolas de manera lícita; de no ser así, la resistencia estaría justificada. *Pueblo v. Ortiz Díaz*, 123 D.P.R. 865 (1989). La Regla 11 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 11, establece:

*"Un funcionario del orden público podrá hacer un arresto sin la orden correspondiente:*

*(a) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario, el funcionario deberá solicitar que se expida una orden de arresto.*

*(b) Cuando la persona arrestada hubiese cometido un delito grave (felony), aunque no en su presencia.*

*(c) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito grave (felony), independientemente que dicho delito se hubiere cometido o no en la realidad."*

Al interpretar esta Regla, el Tribunal Supremo de Puerto Rico ha interpretado que la frase *"motivos fundados"* significa la posesión de aquella información y conocimiento que llevan a una persona ordinaria y prudente a creer que la persona arrestada ha cometido un delito, independientemente de que luego se establezca o no la comisión del delito. *Pueblo v. Alcalá Fernández,* 109 D.P.R. 326 (1980). La existencia de motivos fundados para justificar un arresto sin orden puede establecerse a base de información policíaca colectiva; en cuyo caso es innecesario que el agente que efectúa el arresto lo haga únicamente según su conocimiento personal. Sin embargo, en tales casos se requiere que el agente que inició la cadena de información tenga información de primera mano y se la haya comunicado al agente que efectúa el arresto. *Pueblo v. Luzón,* 113 D.P.R. 315 (1984).

Aun cuando el Sargento González podía entender que tenía motivos fundados para creer que la señora Vargas Hernández había cometido un delito en su presencia, de la exposición narrativa no surge que éste le haya comunicado esos motivos fundados a la Agente Otero. De esta forma, la Agente Otero efectuó el arresto de manera ilícita, por lo que la resistencia de la señora Vargas Hernández estuvo justificada. No se configuró el delito de resistencia u obstrucción a la autoridad pública. Por los mismos fundamentos, el Procurador General se allanó en su alegato en relación a este planteamiento de error.

Por los fundamentos anteriormente expuestos, se revoca la sentencia apelada.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General